|||
|---|---|
| *In re:* | : Chapter 11 |
| | : |
| | : Bankruptcy No. 26-10236 PMM |
| MTF HOLDINGS LLC, | : (Jointly Administered) |
| | : |
| Debtors. | : |

**SECOND INTERIM ORDER GRANTING MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 345(b) AUTHORIZING THE DEBTOR TO MAINTAIN A PRE-PETITION BANK ACCOUNT AND WAIVING CERTAIN BANK ACCOUNT AND RELATED REQUIREMENTS OF THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AND NOW, ON THIS 26th day of February, 2026, upon the Motion of the Debtor (the "Debtor") for the Entry of an Order Pursuant to 11 U.S.C. §§ 105 and 345(b) (i) Authorizing the Debtor to Maintain a Pre-Petition Bank Accounts for Inbound Deposits and (ii) waiving certain bank account and related requirements of the Office of the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee"); the Court having reviewed the Motion, having heard the argument of counsel, if any, noting that all parties received proper service, and for the reasons stated on the record, finds good cause to grant the Motion, it is hereby,

**ORDERED,** that the Motion is **GRANTED** to the extent provided herein on an interim basis**;** and it is further

**ORDERED**, pursuant to 11 U.S.C. § 345, the Debtor is authorized to maintain its pre-petition business checking accounts on an interim basis for a period of thirty (30) days following the entry of this Second Interim Order for the following banks attached hereto as Exhibit "A"; and it is further

**ORDERED**, the Debtor is authorized and empowered, on an interim basis, to: (a) designate, maintain and continue to use any or all of its Bank Accounts held at each Bank on Exhibit A, in the names of the Debtors (i) (herein "the Bank Accounts"), with the account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds

from these Bank Accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers and other debits; (c) pay any ordinary course bank fees incurred in connection with the existing Bank Accounts that come due after the Petition Date, and perform the Debtor's obligations under the documents and arrangements governing the existing Bank Accounts; and (d) treat the pre-petition Bank Accounts for all purposes as debtor-in-possession accounts; provided that in the case of each of (a) through (d), such action is taken in the ordinary course of business and consistent with past practice; and it is further

**ORDERED**, for any bank at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the U.S. Trustee, the Debtors shall as soon as possible (a) contact such bank, (b) provide such bank with the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' chapter 11 case and instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the bankruptcy case number included on the account title; and it is further

**ORDERED**, for any bank at which the Debtors hold Bank Accounts that is not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Bank to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order.  If the Bank does not execute a Uniform Depository Agreement with the U.S. Trustee within thirty (30) days of the date of this Interim Order, the Debtors shall close all Bank Accounts at such Bank and open Bank Accounts at a bank that is party to a Uniform Depository Agreement with the U.S. Trustee; and it is further

**ORDERED**, the Debtors are authorized, on an interim basis, to continue using their Business

Forms and Books & Records as described in the Motion, without reference to their status as debtor's in possession; provided that, with respect to checks which the Debtors' or its agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within fourteen (14) days of the date of entry of this Interim Order. The Debtors shall replace existing stock with new forms identifying their status as a debtor in possession as existing stock is depleted; and it is further

**ORDERED**, unless otherwise provided in this Interim Order or other order of this Court, no bank shall honor or pay any bank payments drawn on the Bank Accounts or otherwise issued or dated prior to the Petition Date. Any of the Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

**ORDERED**, except as otherwise expressly provided in this Interim Order each Bank on Exhibit A is authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, ACH transfers, automated transfers, electronic funds transfers, and other debits issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, *subject to* the applicable Bank Accounts containing sufficient funds. The Debtors' existing deposit agreements between the Debtors and its existing depository and disbursement banks shall continue to govern the post-petition cash management relationship between the Debtors and the banks on an interim basis pending the Final Hearing, and all of the provisions of such agreements, including, without

limitation, the termination and fee provisions, shall remain in full force and effect; and it is further

**ORDERED**, the Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in their sole discretion, provided, however, that the Debtors give notice within seven (7) days to the Office of the United States Trustee for the Eastern District of Pennsylvania and any statutory committees appointed in these chapter 11 case; provided, further, however that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the Eastern District of Pennsylvania, or at such banks that are willing to immediately execute such an agreement; and it is further

**ORDERED**, the Debtors shall maintain accurate and detailed records of all transfers including but not limited to, intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between pre-petition and post-petition transactions.

**ORDERED**, that each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Commencement Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Commencement Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Commencement Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash

Management System; and

**ORDERED**, that any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Commencement Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein;

**ORDERED** that (i) that those certain existing deposit agreements between the Debtors and its existing depository and disbursement banks (collectively, the "Banks") shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, (ii) either the Debtors or the Banks may, without further Order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts."

**ORDERED,** the final hearing (the "Final Hearing) on the Motion shall be held on April 21, 2026 at 11:00 a.m., prevailing Eastern Standard Time, United States Bankruptcy Court for the Eastern District of Pennsylvania, 201 Penn Street, 4th Floor, Reading, PA 19601.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Standard Time, on April 14, 2026 and shall be served upon (a) proposed counsel to the Debtors; (b) the United States Trustee; and (c) the Committee of Unsecured Creditors (if any) and its counsel; and the top 20 largest Unsecured Creditors.

**ORDERED,** any bank holding estate funds are hereby prohibited from offsetting, affecting, or otherwise impeding the use, transfer of, or access to any funds of the Debtors,

contained or deposited in the Bank Accounts, on or subsequent to the commencement of these chapter 11 cases, on account or by reason of any Claim (as defined in Bankruptcy Code section 101(5)) of the Bank, at which the Debtors maintain accounts that arose before the commencement of this chapter 11 case; and it is further

**ORDERED, t**he Debtors shall serve a copy of this Interim Order by first class mail upon: (i) the Office of the United States Trustee; (ii) its secured creditor(s); (iii) the Debtor's twenty (20) largest unsecured creditors; (v) any other parties claiming an interest in the cash collateral; and (vi) any other party that requested notice; within three (3) business days of the date hereof. The Debtors shall immediately file with the Clerk a Certificate of Service of said mailing; and it is further

**ORDERED,** this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

**BY THE COURT:**

*Patricia M. Mayer*
_____
HONORABLE PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE

# MTF Bank Accounts

### MTF Holdings

- 8263 (Chase Bank)
- 8271 (Chase Bank)
- 5601 (Chase Bank)
- 8613 (Wells Fargo)
- 1132 (Fulton Bank)

### MTF Enterprises

- 1509 (Chase Bank)
- 5804 (M&T Bank)

### MTF Ventures

- 3151 (Chase Bank)
- 9832 (Chase Bank)
- 7696 (Primis Bank)
- 6281 (PNC Bank)
- 0694 (Wells Fargo)

### MTF Management

- 1903 (Chase Bank)
- 5584 (Camden National Bank)

### MTF Group

- 7921 (Chase Bank)
- 3530 (Chase Bank)

